```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
WELLINGTON BRIONES, et al.,                                      :
                                                                 :
                                          Plaintiffs,            :    1:15-cv-4646-GHW
                                                                 :
                        -v -                                     :    ORDER
                                                                 :
STARJEM RESTAURANT CORP., et al.,                                :
                                                                 :
                                          Defendants.            :
                                                                 :
---------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/3/2016

GREGORY H. WOODS, United States District Judge:

The Court has been advised that the parties have reached a settlement in this case, which includes claims arising under the Fair Labor Standards Act (the "FLSA"). It is hereby ORDERED that the parties proceed in one of two ways:

(1)   *Stipulation of Dismissal under Rule 41(a)(1)(A).*  If the parties wish to resolve the case by a stipulation under Federal Rule of Civil Procedure 41(a)(1)(A), they are ordered submit a stipulation that complies with the directions provided below by April 14, 2016.  The parties should submit any such stipulation to the Orders and Judgments Clerk at judgments@nysd.uscourts.gov in accordance with Rule 18.3 of the SDNY ECF Rules and Instructions.

In light of the decision of the Second Circuit Court of Appeals in *Cheeks v. Freeport Pancake House, Inc.*, --F.3d--, No.14-299, 2015 WL 4664283 (2d Cir. August 7, 2015), which held that the FLSA falls within the "applicable federal statute" exception to Rule 41(a)(1)(A), the parties cannot dismiss claims arising under the FLSA *with prejudice* pursuant to Rule 41(a)(1)(A).  The holding of *Cheeks* does not apply to claims arising under any statute other than the FLSA.  The court in *Cheeks* expressly reserved decision with respect to voluntary dismissals of FLSA claims without prejudice under Rule 41(a)(1)(A).  As a result, in order to dismiss this case under Rule 41(a)(1)(A), the parties' stipulation of dismissal must dismiss claims arising under the FLSA *without prejudice.*

(2) *Judicial Approval and Order of Dismissal under Rule 41(a)(2)*. To the extent the parties seek judicial approval of their settlement, and dismissal of any claims arising under the FLSA with prejudice, however, they shall instead submit to the Court by April 14, 2016 a joint motion via ECF setting forth their views as to why their settlement is fair and should be approved. The motion must address the considerations detailed in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and must include a copy of the settlement agreement itself, attached as an exhibit. The parties are advised that the Court will not approve settlement agreements that contain a confidentiality provision.

If the settlement includes attorney's fees, the parties should also address the reasonableness of the fees to be awarded under the framework set forth in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Plaintiffs' attorneys must also attach as an exhibit detailed attorney time records for the Court's review, as the Second Circuit "encourage[s] the practice of requiring documentation of hours as a 'cross check'" even in cases in which the fees awarded are a percentage of the total award. *Id.* (citation omitted).

The status conference scheduled for April 18, 2016, will take place as scheduled.

SO ORDERED.

Dated: March 3, 2016  
New York, New York

GREGORY H. WOODS  
United States District Judge

2